### Application of EIERMANN.

(Court of Appeals of District of Columbia. Submitted January 11, 1923. Decided March 5, 1923.)

#### No. 1542.

1. Patents ⬧72—Stone saw held not to anticipate invention of garage floor scraper.

A stone saw blade belongs to a different art from a scraper for garage floors, so that the idea of adapting a design disclosed in the saw blade into a scraper blade was sufficiently novel to amount to invention.

2. Patents ⬧113(6)—Claim first suggested before Examiners in Chief, and disallowed by Commissioner, can be considered on appeal.

Where a claim suggested when the case was before the Examiners in Chief was held to be too late, because not presented to the primary examiner, but was considered by the Commissioner and disallowed by him, it is properly before the court on appeal.

3. Patents ⬧101—Claim describing operation of combined devices shown in two preceding claims held patentable.

Where the patentee was allowed two claims, covering the handle and the blade for a floor scraper, he was entitled to a third claim, describing the operation of the combined device.

Appeal from the Commissioner of Patents.

In the matter of the application of William Eiermann for a patent. From a decision of the Commissioner, denying two claims in the application, applicant appeals. Reversed.

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Perry B. Turpin, of Washington, D. C., and Arthur L. Kitchen, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, denying claims 2 and 3 in appellant's application for patent upon the invention set out in the following claims:

"1. The herein described scraper, comprising a heavy body portion having formed at its lower edge an extended flange in alignment with the axis of the body, means to attach a handle in alignment with the same axis, the body being formed opposite the upper portion of the flange with a shoulder arranged transverse to the axis, said flange being formed with a plurality of holes, a flat blade having parallel upper and lower edges, the upper edge portion being fitted against said flange and abutting squarely against said shoulder, said blade being provided with a plurality of vertical slots with which said flange holes are adapted to align, and fastening means for the blade passing through the slots and holes.

"2. A scraper of the nature set forth in claim 1, in which the blade is provided with a plurality of series of vertical slots, the slots of the lowermost series extending into the bottom edge of the blade and the upper ends of each series of slots extending midway between and above the lower ends of the next higher series of slots.

"3. A tool, comprising a handle, a heavy head carried by the handle in direct line with the force applied thereto, said head having a flange extended to produce a transverse shoulder, and a blade with means mounting it on the flange in abutment with the shoulder to receive the thrust and prevent straining the mounting means, said blade being relatively thin for self-sharpening while in action on one side, the weight of the head giving the tool momentum in use, facilitating its functions."

[1] The invention is a scraper for cleaning garage floors, or the like, where it becomes necessary to remove heavy, thick, and sticky crusts or coatings, which accumulate, especially on garage floors. Claim 1, comprising the handle and heavy head to which the blade is attached, has been allowed. The blade, embraced in claim 2, is illustrated in the following figure:

It will be observed, by reference to the figure, that the shoulder of the handle, described in claim 1, rests on the blade *13* and is bolted thereto through the holes or slots *12*. The edge of the scraper consists of a series of blades *16* separated by elongated slots *17*. When the blades wear back to the point *20*, the ends of succeeding slots *19* will be worn open, thus creating a new series of blades which, when worn away, will form a new series of blades *21*.

The tribunals held that this claim was anticipated by a patent to one Jacobs, which consists of "a saw blade for stone sawing machines." The saw blade contains teeth which, when worn away to the full depth

of the intervening slots, open up new slots and teeth formed in much the same manner as in the invention before us.

We think there is nothing in the formation of a saw blade which would suggest to one skilled in the art the adoption of the saw blade as a blade for a scraper. They belong to different arts. Nor is their use so associated as to suggest readily the conversion of the saw blade into a garage scraper. We think the idea of adapting the design disclosed in the saw blade into a scraper blade is sufficiently novel to amount to invention.

Objection is made to the general expression used in claim 2, "a scraper of the nature set forth in claim 1," instead of the usual expression, "as described in claim," etc. If this is regarded as sufficiently important, when the case goes back for patent, the claim may be easily amended to conform to the usual verbiage.

[2, 3] Claim 3 was suggested by appellant when this case was before the Examiners in Chief. It was held that the suggestion came too late, since it had not been presented to the primary examiner. The claim, however, was considered by the Commissioner and disallowed, and is therefore properly before us for consideration. We think that, inasmuch as the claim describes the operation of the combined device, as disclosed in claims 1 and 2, it should be allowed. Without it the operation of the device, as shown in claims 1 and 2, would be left indefinite and uncertain, and the protection to which appellant is entitled, under his patent, would not be fully and completely afforded him.

The decision of the Commissioner is reversed.