**STEPHENS PUMP CO. et al. v. COE, Commissioner of Patents.**

**No. 6681.**

United States Court of Appeals for the District of Columbia.

Decided Feb. 15, 1937.

Modification of Opinion Denied May 3, 1937.

J. Vincent Martin, of Houston, Tex., and J. Hanson Boyden, of Washington, D. C., for appellants.

R. F. Whitehead, Solicitor of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District (now District Court of the United States) dismissing appellants' bill, filed under section 4915 R.S., as amended (35 U.S.C.A. § 63), seeking to authorize the issuance of a patent to appellant company, assignee of applicant Stephens.

The application contains five claims, of which the first and fifth are illustrative, and are here reproduced:

"1. An expansible hollow pumping member having an internal annular flange at one end and an external annular flange at the other end."

"5. A substantially cylindrical expansible hollow pumping member having an internal annular flange at one end and an external annular flange at the other end, the body of said member being made of flexible rubber and the ends of said member being of less flexible fabric and rubber."

In the specification it is stated that the application relates to expansible members for pumps of the character covered by applicant's then pending application for letters patent. The application, filed January 18, 1930, serial No. 42,651, ripened into patent No. 1,832,258, November 17, 1931. The present application is a division of the earlier application. In the decision of the Board of Appeals it is stated: "The claims presented in this divisional application relate entirely to the tubular rubber diaphragm element. This division was made in compliance with a requirement in the parent case wherein it was held that this diaphragm element is a separate subject of invention from the pump as a whole."

In the specification of the patent (No 1,832,258) the general object of the invention is stated to be "a pump particularly adapted for pumping slush in rotary deep well drilling, but capable of efficient performance in various other fields; embodying a piston and a cylinder, *and new and improved means to keep the pumped fluid out of contact with the same.* A more specific object of the invention is to provide for pumps of this character a new and improved expansible hollow member to be operatively associated with the pump piston and to prevent the pumped fluid from coming into contact therewith." (Italics ours.)

The record discloses that pumps used in deep well drilling may weigh 16,000 pounds; that oil wells 10,000 feet deep are drilled; that "working pressures up to 3,000 pounds per square inch are not uncommon, and that a pump often has to work 24 hours a day for anywhere from two weeks to five or six months."

The appealed claims, according to the opinion of the Board of Appeals, relate to a flexible member for a pump of the diaphragm type. "The application illustrates a complete double acting pump *including the diaphragm particularly claimed here.* The pump as an organization has been allowed in applicant's prior application." It thus appears that the Patent Office, after granting a patent on the pump as an organization—the only element imparting

novelty being the "tubular rubber diaphragm" (the subject of the present application)—has refused a patent on that element. This action was based upon references of record in the parent case.

The patent to Madarasz, No. 1,727,474, dated September 10, 1929, covers an automobile tire gauge, its function being quite different from that of applicant's pumping member.

The patent to Farmer, No. 1,790,206, dated January 27, 1931, has no relation to pumps.

The French patent to Samain, No. 19,-483 (1915), relates to "an automatic pressure measuring and cut-off valve", as stated by the Board.

According to the Examiner's statement, "because the reference devices are pressure actuated valves whereas applicant contemplates using his tube with a pump, they are slightly non-analogous as to use." In our view, they are in distinctly nonanalogous arts and are not intended for nor capable of use as pumping members. See Application of Eiermann, 53 App.D.C. 39, 287 F. 1016; Potts v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275. As already observed, each of these references was before the Patent Office in the parent case and each must have been rejected—and properly so.

The Board of Appeals in its decision referred to the patent to Dunkle, No. 1,-389,635, September 6, 1921. This patent is the only reference relating to pumping members. It is in the form of a bag closed at one end and having no flanges whatever. A witness for appellants was asked what he regarded as the chief advantages of the Stephens tubular pumping member or diaphragm over the Dunkle diaphragm. He replied "that 'Stephens' will work' while Dunkle 'will not work' at all"; that he had found from experience that a diaphragm that is not rigidly anchored at both ends "will not function," because the unanchored end floats or is carried by the fluid flow against and into the discharge valve opening, and seals off such opening; "that then, as the stroke of the plunger is continued, the immense pressure which builds up blows the diaphragm out through the discharge opening"; that his company had "lost 75 to 100 diaphragms," blown out through the discharge port, "before he learned the necessary shape to make it." The Examiner, who is the Patent Office

expert in the art, did not even refer to the Dunkle patent, which was of record and presumably considered and rejected in the consideration of the parent application.

In our view, the court below erred in refusing adequate protection to a very meritorious as well as useful device.

The decree will, therefore, be reversed.

Reversed.